David Sidey v. Commissioner.
Sidey v. Commissioner
Docket No. 17533.
United States Tax Court
1949 Tax Ct. Memo LEXIS 91; 8 T.C.M. (CCH) 746; T.C.M. (RIA) 49208; August 29, 1949
*91 Respondent's holding that the income of a certain trust created by taxpayer for the benefit of his wife was used to satisfy his legal obligations, disapproved. Ira L. Powsner, Esq., 17 Court St., Buffalo 2, N. Y., for the petitioner. William S. Schmitt, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $1,278.93 in petitioner's income tax for the year 1944, chiefly by reason of his holding that "The income of the trust is held to be taxable to you as grantor since such income is used to fulfill your legal obligations." At the hearing, after petitioner's counsel had stated his case fully, respondent's counsel declined the opportunity offered to make a statement as to his position, merely observing that the testimony"will explain respondent's position." Respondent filed no brief. The trust to which reference is made above was an irrevocable trust created by petitioner for the benefit of his wife. Petitioner was both grantor and trustee. The trust res consisted of a list of selected stocks in substantial corporations. Petitioner as trustee had all the rights and powers usually given to a trustee, *92 such as investment and reinvestment, collection of rents, etc. The trust expressly provided "It is my intention to retain as trustee such rights, powers and authority in respect to the management, control and disposition of said trust estate for the use and benefit of the beneficiary as I have with respect to property absolutely owned by me." The agreement provided for the disposition of income received as follows: "Out of the income and revenue accruing from said trust estate, I shall have power to pay all taxes, expenses necessarily or properly incident to its care, preservation and management and all other reasonable or necessary charges incident to the administration of the trust created hereby, and the remaining income and revenue I am to pay the beneficiary of this trust in quarterly installments of equal amount or as nearly equal as possible." It also provided that - "Any receipt given by the beneficiary of this trust to me for any sum paid to her by me shall be a full acquittance and discharge for the payment mentioned in such receipt." The agreement further provided that - "If my said wife, the beneficiary hereof, predeceases me, then upon the death of my said *93 wife, this trust estate shall thereupon revert to me and become mine immediately and absolutely, or if I should predecease my said wife, then upon my death, this property shall thereupon become hers absolutely and be turned over to her and in either case this trust shall cease." Taking our cue from the statement of respondent's counsel above quoted and by examination of the testimony received at the hearing, which consisted of 19 pages, we assume it to be respondent's position that petitioner used the trust income for discharging his obligations of maintenance and support. The record conclusively shows that this is not the fact. Petitioner had a total income in excess of $33,000 for the year 1944. He paid the income of the trust to his wife in quarterly installments in the form of dividend checks made payable to him as trustee. These checks were cashed and the cash deposited in the drawer of the safe in petitioner's store. The beneficiary gave a receipt quarterly for such income. The beneficiary received all the trust income and spent the same herself for her own purposes. She received a household allowance for maintenance of the household entirely separate from the trust income *94 and has always been supported by petitioner, he paying from his own resources all household bills. Thus it is that the testimony adduced at the hearing fails entirely to support respondent's determination. Petitioner is sustained. Decision will be entered under Rule 50.